UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC SANCHEZ MARTINEZ (A# 240-139-977),<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br><br>Respondents. | No.  1:26-cv-04014 DC SCR<br><br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee proceeding pro se with a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  This action was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

Petitioner, a citizen and native of Mexico and father of five minor children, alleges in his petition that his ongoing immigration detention violates the Due Process Clause of the Fifth Amendment.  ECF No. 1 at 5, 16-17.  Respondents have not complied with the Court's order to include with their answer any and all transcripts or other documents relevant to the determination of the issues presented in the application.  ECF No. 6.  Nevertheless, Respondents state in their cursory response that Petitioner entered the United States illegally and argue, based on the minority-view of cases, that he is an applicant for admission under 8 U.S.C. § 1225(b)(2).  ECF No. 7 at 1-2.  They do not assert that he has a criminal record.

1

Considering all of these factors, the undersigned finds that Petitioner is subject to § 1226(a), not § 1225(b)(2), and was statutorily entitled to a bond hearing under 8 U.S.C. § 1226(a).  See Maciel v. Noem, No. 1:26-CV-01318-DC-CKD (HC), 2026 WL 496948 (E.D. Cal. Feb. 23, 2026); see also Osman v. Warden, Golden State Annex Det. Facility, No. 1:26-cv-3641 DC AC, 2026 WL 1389891 (E.D. Cal. May 18, 2026) ("Specifically, this court has found that a noncitizen who has lived in the United States for an extended period of time without having been admitted is subject to discretionary detention during removal proceedings pursuant to 8 U.S.C. § 1226(a) and is entitled to a pre-deprivation bond hearing under that section.") (citing Maciel, 2026 WL 496948; Barajas Ortiz v. Chestnut, No. 1:26-cv-1167 DC SCR, 2026 WL 508419 (E.D. Cal. Feb. 24, 2026); Zuniga Cruz v. Noem, No. 1:26-cv-1818 DC EFB, 2026 WL 890471 (E.D. Cal. Mar. 31, 2026)).

Accordingly, the undersigned recommends that the petition be granted.  Because Respondents do not assert any alternative basis for Petitioner's detention, and do not provide any extenuating circumstances that would warrant Petitioner's continued unlawful detention pending a bond hearing, the undersigned finds that the appropriate relief is Petitioner's immediate release. See Maciel, 2026 WL 496948, at *5; Osman, 2026 WL 1389891, at *1 ("[T]he proper remedy for Respondent's failure to provide Petitioner with a statutorily compliant bond hearing is Petitioner's immediate release" (citing Zuniga Cruz, 2026 WL 890471, at *4)).

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1.      Petitioner Isaac Sanchez Martinez's (A# 240-139-977) application for a writ of habeas corpus be granted as follows:

      a.      Respondents shall IMMEDIATELY RELEASE Petitioner from custody. At the time of release, Respondents must return all of Petitioner's documents and possessions.

      b.      Respondents may place Petitioner on standard conditions of supervision upon release; and

      c.      Respondents be ENJOINED AND RESTRAINED from re-detaining Petitioner

2

unless they first provide him with a bond hearing pursuant to 8 U.S.C. § 1226(a) and 8 C.F.R. § 1236.1(c)(8).

2.     Petitioner's motion to appoint counsel (ECF No. 2) be DENIED as moot.

3.     Any order adopting these findings and recommendations include language that it does not address the circumstances in which respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

4.     Within three days of an order adopting these findings and recommendations, Respondents be required to file a notice of compliance confirming Petitioner's release.

5.     The Clerk of the Court be directed to serve a copy of any order adopting these findings and recommendations on the Golden State Annex.

6.     The Court of the Clerk be directed to enter judgment for Petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 4, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

3